UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>         Plaintiff,<br><br>     v.<br><br>CSATF WARDEN, et al.,<br><br>         Defendants. | No. 1:19-cv-01333-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 15, 16, & 20) |

    Plaintiff Jorge Luis Sosa is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 12, 2019, the court screened plaintiff's complaint and found that only certain claims should proceed.  (Doc. No. 9.)  The court allowed plaintiff thirty days from the date of that screening order to choose between proceeding only on the claims found cognizable, amending the complaint, or standing on the complaint as written.  (*Id*. at 9.)  On December 4, 2019, plaintiff notified the court that he wished to proceed only on the claims found cognizable by the screening order.  (Doc. No. 10.)

    On December 6, 2019, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that "all claims and defendants be dismissed, except for Plaintiff's claims for violation of the Eighth Amendment for excessive force and sexual assault

and First Amendment retaliation against Defendant Correctional Officer Housse and Does 1-3". (Doc. No. 12 at p. 2).

Plaintiff was provided an opportunity to file objections to the findings and recommendations. The deadline for filing objections has passed, and plaintiff did not file objections to the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on December 6, 2019, are ADOPTED in full;
2. All claims and defendants are dismissed, except for plaintiff's Eighth Amendment for excessive force and sexual assault and First Amendment retaliation against Defendant Correctional Officer Housse and Does 1-3;
3. The Clerk of Court is DIRECTED to reflect the dismissal of Defendant CSATF Warden; and

/////
/////
/////
/////
/////

---

[1] Although plaintiff did not timely file objections to the findings and recommendations, on May 19, 2020, he filed a request for an extension of time to file an amended complaint. Because this request comes long after the screening order's deadline for plaintiff to choose to amend his complaint and also long after the deadline to file objections to the findings and recommendations, the court proceeds to rule on the pending findings and recommendations and will treat his May 19, 2020 filing as a separate motion for leave to amend, which it will rule on separately.

4. The Clerk of Court is DIRECTED to reflect that Defendant Housse be identified as Defendant R. Hulse.[2]

IT IS SO ORDERED.

Dated: __**May 26, 2020**__  

_____  
UNITED STATES DISTRICT JUDGE

---

[2] The Defendant so notified the Court in connection with Defendant's Motion to Dismiss, (Doc. No. 18), and the Court makes this change *sua sponte*.