UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>    Plaintiff,<br><br>v.<br><br>R. HULSE,<br><br>    Defendant. | No. 1:19-cv-01333-NONE-EPG (PC)<br><br>ORDER REQUESTING THAT THE WARDEN OF PLAINTIFF'S INSTITUTION OF CONFINEMENT RESPOND TO PLAINTIFF'S CLAIMS CONCERNING ACCESS TO LIBRARY AND LEGAL ADVISER<br><br>ORDER DIRECTING CLERK OF COURT TO SEND COPY OF THIS ORDER AND PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS (ECF NOS. 26 & 28) TO LITIGATION COORDINATOR AT PLAINTIFF'S INSTITUTION OF CONFINEMENT |

On October 14, 2020, Plaintiff Jorge Luis Sosa filed a motion for an extension of time, (ECF No. 28), to file an opposition to Defendant's motion to dismiss, which was filed April 9, 2020, (ECF No. 18). In his motion, Plaintiff seeks an additional 90-day extension of time to file an opposition. (*Id.* at 4). Plaintiff states that since the Court's earlier motion granting an extension of time on August 4, 2020, "the prison has initiated even stricter limitations on prisoner's movement; including 1) No yard or outside activities <u>at all</u>, including law library and access to copying of legal materials, leaving Mr. Sosa actually <u>unable</u> to do the legal research necessary to draft an opposition to the Defendant's motion to dismiss for failure to exhaust." (*Id.* at 2) (emphases in original). Plaintiff further states that he has had limited ability to communicate with

his external legal adviser. (*Id.*).

On two other occasions, Plaintiff has also informed the Court that he has little or no access to the law library or his outside legal adviser. On May 19, 2020, Plaintiff filed a motion for extension of time to amend his complaint. (ECF No. 19). There, he stated that "the hours for research, copying legal documents, and other things necessary to advance litigation have been either temporarily suspended, or severely limited as a result of the COVID-19 Pandemic." (*Id.*). And in his July 31, 2020 motion for an extension of time, Plaintiff stated that "Plaintiff has limited access to the prison law library as well as his Legal Helper[.]" (ECF No. 26 at 2).

Defendant's motion to dismiss has been pending for six months. Plaintiff states that he has been without library access and with limited ability to communicate with his legal adviser for over two months.

In order to evaluate Plaintiff's motion for extension of time, and in light of the long time that Defendant's motion to dismiss has been pending, the Court respectfully requests a response from Plaintiff's institution of confinement regarding what, if any, access to the law library and/or Plaintiff's legal advisor Plaintiff has had since Defendant's motion has been pending, and what, if any access, the Institution can provide in the near future.

Accordingly, IT IS REQUESTED that, within fourteen (14) days from the date of service of this order, the warden of Plaintiff's institution file a response with the following information:

1. The extent to which Plaintiff has had law library access since April 9, 2020, and the date hereof;
2. The extent to which Plaintiff has been permitted to communicate with his legal adviser at N.C.L.A.; and
3. If law library access has been limited since that date, an estimate regarding when law library access will be available to Plaintiff.

///
///
///
///

2

1     In addition, it is HEREBY ORDERED that the Clerk of Court is directed to send a copy of this order and Plaintiff's July 31, 2020 and October 14, 2020 motions (ECF Nos. 26 & 28) to the litigation coordinator of Plaintiff's institution of confinement.

IT IS SO ORDERED.

Dated: **October 19, 2020**   /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE