1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JORGE LUIS SOSA,                        No.  1:19-cv-01333-NONE-EPG (PC)

12                 Plaintiff,                 FINDINGS AND RECOMMENDATIONS,
                                              RECOMMENDING THAT DEFENDANT'S
13         v.                                 MOTION TO DISMISS BE GRANTED AND
                                              THAT PLAINTIFF'S COMPLAINT BE
14   R. HULSE,                                DISMISSED

15                 Defendant.                 (ECF No. 18)

16

17         Jorge Luis Sosa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's

19   claims against Defendant R. Hulse ("Defendant") and Does 1-3 for excessive force and sexual

20   assault in violation of Plaintiff's Eighth Amendment rights and retaliation in violation of

21   Plaintiff's First Amendment rights. (ECF Nos. 1 & 20 at 2).

22         On April 9, 2020, Defendant filed a motion to dismiss the complaint on the ground that

23   Plaintiff's claims are time-barred by the statute of limitations. (ECF No. 18 at 1). Following a

24   court order for additional briefing concerning equitable tolling, (ECF No. 23), Defendant filed

25   supplemental briefing, (ECF No. 25). Plaintiff has not filed any opposition to the motion to

26   dismiss, although in his last request for an extension of time to respond, Plaintiff set forth certain

27   arguments and legal citations, which the Court has considered.

28   ///

                                              1

1    For the reasons below, the Court recommends dismissing Plaintiff's complaint with

2    prejudice.

3    **I.      SUMMARY OF PLAINTIFF'S COMPLAINT**

4         Plaintiff's complaint alleges as follows:

5         **A.      Factual Allegations**

6         On June 6, 2014, Plaintiff was housed at the California Substance Abuse Treatment

7    Facility (SATF).  A correctional officer and an inmate turned off his water.  The next day, on

8    June 7, 2014, three officers took Plaintiff out of his cell to another cell where there were no

9    cameras or there were cameras but they were covered.  Plaintiff was slammed against the wall

10   and one correctional officer put him in a choke hold and punched Plaintiff in the ribs.  Medical

11   reports will confirm the damage he suffered.  Then one of the correctional officers pulled down

12   Plaintiff's boxers and penetrated his anus with a gloved finger.

13        Plaintiff has been repeatedly targeted by corrections officers because of him standing up

14   and speaking against them when they abused other inmates.  This has been going on for years.

15   He has had many false rule violation reports written about him and property stolen.

16        Plaintiff asks for the officers to be punished.  He wants to be free from further acts of

17   retaliation by corrections officers.

18        **B.      Attached Forms**

19        Plaintiff also attached grievances and other forms to his complaint. (ECF No. 1-1). The

20   Court reviews them in chronological order, based on the earliest date on each form.

21        On December 4, 2014, Plaintiff signed a form that informed him of his rights to privacy

22   with respect to his sexual assault allegation. The form was not numbered, but it was entitled

23   "Victims of Sex Crimes; Acknowledgment of California Penal Code Section 293(a);

24   Notification/Request for Confidentiality of Information." (*Id.* at 11).

25        Plaintiff signed a CDCR 22 form, for "Inmate / Parolee Request for Interview, Item or

26   Service." It was dated as received on August 24, 2015. In it, Plaintiff sought "copies of all

27   documents, reports or chronos filed in my files that are related to or pertain to the incident on or

28   about June 07th, 2014 at 'C.T.C[.]' – S.A.T.F.-Corcoran at 21:00 HR (I'm referring to the report

1  of sexual assault by c/o Housse and his partners)[.]" (*Id.* at 10). The staff response, dated

2  September 2, 2015, stated that no documents were located.

3      On September 20, 2015,[1] Plaintiff signed another request for information on a form

4  CDCR 22a, for "Inmate / Parolee Request for Interview, Item or Service." Plaintiff's request was

5  for information concerning his sexual assault claims. (*Id.* at 12) ("The sole purpose of this request

6  is to respectfully request documentation in regards to the disposition of a sexual misconduct

7  investigation against CSATF officers conducted by ISU.").[2] The response, dated October 1, 2015,

8  was that the investigation was ongoing.

9      On August 23, 2018, Plaintiff signed a form CDCR 602, Inmate / Parolee Appeal. It was

10  stamped as received on August 28, 2018. In the grievance, Plaintiff alleges he was assaulted by

11  correctional officers. The substance of the grievance is substantially similar to the allegations in

12  Plaintiff's complaint. (*Id.* at 4-7). The section concerning the first level response was stamped

13  "BYPASS."

14      There is a single sheet of paper, shown as Page 2, with a date of July 27, 2018. It states

15  that it is from the "Intake and Review Unit, Officer of the Inspector General." It does not clearly

16  show what the letter is about; it discusses only various procedures of reviewing the decision from

17  the OIG. (*Id.* at 3).

18      The second level response was dated October 2, 2018 and signed by various parties on

19  October 11 and 12, 2018. (*Id.* at 8-9). The response stated Plaintiff's allegations were not

20  sustained by internal affairs. (*Id.* at 9).

21      The third level appeal is stamped June 7, 2019. Plaintiff's appeal was denied. (*Id.* at 1-2).

22  **C.    Procedural Background**

23      Defendant filed a motion to dismiss on April 9, 2020. Plaintiff's response was due April

24  30, 2020.

25      Plaintiff filed a motion for an extension of time to amend his complaint on May 19, 2020.

26  (ECF No. 19). The Court denied the motion because Plaintiff was no pending deadline to file an

27  
[1] The first signature's date was "9  20 15." It is unclear whether the date is September 2015 (i.e., 9/2015) or September 20, 2015 (i.e., 9/20/15). Regardless, it makes no difference to the Court's analysis.
28  [2] An additional copy is on page 13.

3

1  amended complaint. (ECF No. 21). The Court cautioned Plaintiff that his opposition was late and

2  that "currently Defendants' motion to dismiss is unopposed. If Plaintiff wishes to extend this

3  deadline, he should file a motion promptly." (*Id.* at 2).

4        The Court ordered additional briefing on May 29, 2020. (ECF No. 22). Defendant filed his

5  additional briefing on July 8, 2020. (ECF No. 25). Plaintiff's response was due July 29, 2020.

6  (*See* ECF No. 22 at 1) ("Plaintiff shall provide a response to such briefing within twenty-one (21)

7  days following service of Defendant's briefing.").

8        On July 31, 2020, Plaintiff filed a motion for an additional 60-day extension of time to file

9  an opposition to the Motion to Dismiss. (ECF No. 26). The Court granted the motion on August

10  4, 2020 and ordered Plaintiff to "file his opposition to Defendants' motion to dismiss (ECF No.

11  18) no later than 60 days from the date of service of this order." (ECF No. 27). Thus, Plaintiff had

12  until October 5, 2020, to file his opposition, which was nearly six months after Defendant filed

13  the motion to dismiss.

14        On October 14, 2020, Plaintiff filed a motion for extension of time to oppose the motion,

15  stating he has had no access to the law library and limited access to his legal adviser. (ECF No.

16  28). He also included several pages of legal arguments concerning exhaustion of administrative

17  remedies.

18        After receiving declarations from individuals at Plaintiff's institution of confinement

19  regarding Plaintiff's access to legal research and assistance, (ECF No. 30), the Court denied

20  Plaintiff's motion for an extension of time, (ECF No. 31). However, the Court has considered the

21  legal arguments presented in Plaintiff's motion for an extension of time in connection with the

22  present motion to dismiss.

23  **II.      SUMMARY OF ARGUMENTS**

24        Defendant moves to dismiss on the basis that Plaintiff's claims are barred by the statute of

25  limitations. (ECF No. 18). Defendant argues that Plaintiff's claims accrued on June 7, 2014

26  because that is when the alleged assault occurred. (*Id.* at 4-5). Thus, absent tolling, the statute of

27  limitations expired on June 7, 2016. (*Id.* at 6). However, Plaintiff dated his complaint on August

28  8, 2019, and filed it on September 10, 2019, which exceeds the statute of limitations by

4

1   approximately three years.

2          Defendant further argues that no tolling applies. Because Plaintiff was sentenced to life

3   without parole, he is not entitled to tolling for his incarceration. (*Id.* at 5). Plaintiff also filed his

4   administrative grievance on or about August 23, 2018, which was approximately two years after

5   the statute of limitations ran. Hence, Defendant argues that the exhaustion process does not

6   sufficiently toll Plaintiff's claims and his claims are time barred. (ECF No. 25 at 2-5).

7          In his motion for leave to amend, Plaintiff argues that prison officials may waive the

8   untimely filing of an administrative grievance. (ECF No. 28 at 3). Plaintiff also argues that he

9   "believ[ed] that his claim accrued upon completion of exhaustion as is the rule of law discussed,

10  concerning tolling[.]" (*Id*).

11  **III.    LEGAL STANDARDS**

12          In considering a motion to dismiss, the Court must accept all allegations of material fact in

13  the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex*

14  *Hosp. Trustees*, 425 U.S. 738, 740 (1976).  The Court must also construe the alleged facts in the

15  light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on*

16  *other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Barnett v. Centoni*, 31 F.3d 813,

17  816 (9th Cir.1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's

18  favor.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  In addition, *pro se* pleadings "must

19  be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*,

20  627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally

21  construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

22          A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the

23  complaint.  *See Iqbal*, 556 U.S. at 679.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a

24  short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

25  'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell*

26  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v.*

27  *Gibson*, 355 U.S. 41, 47 (1957)).  "The issue is not whether a plaintiff will ultimately prevail but

28  whether the claimant is entitled to offer evidence to support the claims."  *Scheuer*, 416 U.S. at

1   236 (1974).

2          The first step in testing the sufficiency of the complaint is to identify any conclusory

3   allegations.  *Iqbal*, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action,

4   supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citing *Twombly*, 550 U.S.

5   at 555).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires

6   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

7   will not do."  *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

8          After assuming the veracity of all well-pleaded factual allegations, the second step is for

9   the court to determine whether the complaint pleads "a claim to relief that is plausible on its

10  face."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (rejecting the traditional 12(b)(6)

11  standard set forth in *Conley*, 355 U.S. at 45-46).  A claim is facially plausible when the plaintiff

12  "pleads factual content that allows the court to draw the reasonable inference that the defendant is

13  liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  The standard

14  for plausibility is not akin to a "probability requirement," but it requires "more than a sheer

15  possibility that a defendant has acted unlawfully."  *Id.*

16  **IV.   DISCUSSION**

17          **A.      Statute of Limitations**

18          California's two-year statute of limitations for personal injury actions applies to § 1983

19  claims brought in this state.  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th

20  Cir. 2014); Cal. Code Civ. Proc. § 335.1.[3]  "Although state law determines the length of the

21  limitations period, federal law determines when a civil rights claim accrues."  *Morales v. City of*

22  *Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000).  "Under federal law, a claim accrues when

23  the plaintiff knows or has reason to know of the injury which is the basis of the action."

24  

25          [3] There is a single statute of limitations for each state; California's longer statute of limitations of ten years
    for claims of sexual assault against adults, *see* Cal. Code Civ. Proc. § 340.16(a), does not alter the two-year statute of
26  limitations for § 1983 actions. *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (section
    1983 plaintiff not entitled to Oregon's longer statute of limitations for childhood sexual response because "a state's
27  residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to §
    1983 claims to prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy" (citing *Wilson v.*
    *Garcia*, 471 U.S. 261, 272-73 (1985), *superseded by statute on other grounds as recognized by Jones v. R.R.*
28  *Donnelly & Sons Co.*, 541 U.S. 369 (2004))).

1  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

2      Here, Plaintiff's claim accrued on June 7, 2014—the date of his alleged assault. Thus,

3  absent any tolling, the statute of limitations for Plaintiff's claims expired on June 7, 2016. *See*

4  *Butler*, 766 F.3d at 1198 (two-year statute of limitations); *TwoRivers*, 174 F.3d at 991 (accrual

5  date).

6      The statute of limitations can be tolled for various reasons.  Whether Plaintiff is entitled to

7  equitable tolling is determined by California law, except to the extent that California laws are

8  inconsistent with federal law.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

9      Equitable tolling "operates independently of the literal wording of the Code of Civil

10 Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental

11 practicality and fairness."  *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th

12 363, 370 (2003)) (internal quotation marks omitted).  Under California law, there is a "three-

13 pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant

14 in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against

15 the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second

16 claim."  *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted);

17 *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978); *Daviton v. Columbia/HCA Healthcare*

18 *Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc).  "Application of California's equitable

19 tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his

20 claim against the effect upon the important public interest or policy expressed by the …

21 limitations statute.'"  *Jones*, 393 F.3d at 928 (quoting *Lantzy*, 31 Cal. 4th at 371)).

22      Defendant argues that Plaintiff is not entitled to California's general equitable tolling

23 because he has not shown that he timely filed a claim. (ECF No. 25 at 4-5). "The timely notice

24 requirement essentially means that the first claim must have been filed within the statutory

25 period." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 n.2 (2008).

26      Plaintiff's attachments dated through June 7, 2016 do not show Plaintiff filed a first claim

27 that equitably tolls the statute of limitations. The attachments indicate Plaintiff began some type

28 of report with the officer of internal affairs. However, they do not indicate he was a party to any

1   suit or administrative remedy. At most, they indicate he sought information about the ongoing

2   investigation. Such an inquiry does not toll the statute of limitations.

3          As Defendant noted, (ECF No. 25 at 2-3), Plaintiff attached to his complaint a form 602

4   grievance that was dated August 2018. Therefore, to the extent that counts as Plaintiff's first

5   claim, it was not filed within the statutory period. As such, it does not equitably toll the statute of

6   limitations.

7          Therefore, the Court finds that Plaintiff is not entitled to equitable tolling under

8   California's general rule.

9          In conjunction with Plaintiff's motion for extension of time to oppose Defendant's motion

10  to dismiss, Plaintiff appears to argue that he is entitled to tolling based on exhaustion of

11  administrative remedies.  "Where exhaustion of an administrative remedy is mandatory prior to

12  filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions

13  that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a

14  civil action, the running of the limitations period is tolled during the time consumed by the

15  administrative proceeding.'"  *McDonald*, 45 Cal. 4th at 101 (quoting *Elkins v. Derby*, 12 Cal. 3d

16  410, 414 (1974)).  *See also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable

17  statute of limitations must be tolled while a prisoner completes the mandatory exhaustion

18  process.").

19         However, as discussed above, the statute of limitations had already run when Plaintiff

20  filed the relevant administrative grievance. The Ninth Circuit addressed such an issue in *Soto v.

21  Sweetman*, 882 F.3d 865 (9th Cir. 2018), where it affirmed a grant of summary judgment to

22  Arizona prison guards. There, Soto was an inmate who alleged he was sexually assaulted by

23  prison guards in May 2010. *Id.* at 866. He filed a grievance one month later. *Id.* at 868. However,

24  the summary judgment evidence showed that he abandoned the grievance and restarted in 2014.

25  *Id.* at 875.[4] This exceeded the two-year statute of limitations because he was not entitled to tolling

26  after abandoning his administrative remedies because he had not been actively exhausting his

27

28  [4] Soto argued that he was told he could not pursue his grievance during a criminal investigation, but he did not state
    that under oath. As such, his claims could not support his position at summary judgment. *Id.* at 873-74.

1  administrative remedies during that time. *Id.* ("[T]olling is applicable during the time period in

2  which an inmate is actively exhausting his administrative remedies." (quoting *Gonzalez v. Hasty*,

3  651 F.3d 318, 322 (2d Cir. 2011))).

4         Here, the evidence before the Court shows that Plaintiff began exhausting his

5  administrative remedies in August 2018, which is over two years after the statute of limitations

6  ended. He was not entitled to tolling before then because, as in *Soto*, he was not "actively

7  exhausting his administrative remedies" before filing his grievance. 882 F.3d at 875.

8  Accordingly, the Court finds that Plaintiff is not entitled to tolling during the time he was

9  exhausting his administrative remedies.

10        In his motion for leave to amend, Plaintiff argues that he "believ[ed] that his claim

11 accrued upon completion of exhaustion as is the rule of law discussed, concerning tolling[.]"

12 (*Id.*). The Ninth Circuit rejected that argument in *Soto*:

13        When, as here, the inmate knows of the acts when they occurred and knows that
          he was injured, the claim accrues. The exhaustion requirement justifies tolling the
14        statute of limitations, but it does not justify creating a new accrual rule. The
          potential unfairness of limitations running during exhaustion is better addressed
15        by equitable tolling.

16 882 F.3d at 871. Thus, "*Soto's* claims accrued when the alleged assault occurred in 2010 because

17 he knew of his injuries at that time." *Id.*  Likewise, Plaintiff's claims accrued when the alleged

18 assault occurred in 2014 because he knew of his injuries at that time.

19        Defendant also argues that Plaintiff is not entitled to tolling due to his imprisonment

20 because he was sentenced to life without parole. (*See* ECF No. 18 at 5-6). Prisoners are generally

21 entitled to tolling for up to two years during their imprisonment. Cal. Civ. Code § 352.1.

22 However, the section does not apply to those with life sentences without the possibility of parole.

23 *See id.* § 352.1(a) (granting tolling only to those imprisoned "for a term less than for life");

24 *accord  Gonzalez v. Gardemal*, 599 F. App'x 292 (9th Cir. 2015) (unreported) ("Contrary to

25 Gonzalez's contention, he is not entitled to statutory tolling because he is incarcerated for a life

26 term without the possibility of parole."); *Lal v. Ogan*, No. 1:18-CV-00286-LJO-SAB (PC), 2019

27 WL 427294, at *3 (E.D. Cal. Feb. 4, 2019) ("Section 352.1 of the California Code of Civil

28 procedure allows for the tolling of the statute of limitations during a period of "disability" while

1   the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the

2   statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life

3   sentence without the possibility of parole.").

4        Plaintiff was sentenced to life without parole, so he is not entitled to two years under

5   California Civil Code § 352.1. *See* (ECF No. 1-1 at 4) (judgment filed in *People of the State of*

6   *California v. Sosa, Jorge Luis*, Superior Court of California, County of Los Angeles, Case No.

7   VA 026484, dated Jan. 10, 1995, sentencing Plaintiff to "life without the possibility of parole" for

8   murder).[5]

9        Plaintiff filed this action after the statute of limitations expired, and based on the face of

10  the complaint, Plaintiff is not entitled to any relevant tolling. Therefore, the Court finds that

11  Plaintiff's complaint is time-barred by the statute of limitations.

12       **B.    Doe Defendants**

13       Under 28 U.S.C. § 1915(e)(2), a "court shall dismiss [an *in forma pauperis*] case *at any*

14  *time* if the court determines that . . . the action . . . fails to state a claim on which relief may be

15  granted[.]" (emphasis added). Here, Plaintiff is proceeding *in forma pauperis*. (ECF No. 8). The

16  claims against Does 1-3 suffer from the same complaint as those against Defendant Hulse.

17  Therefore, the Court finds that Plaintiff fails to state a claim against the Doe Defendants and

18  corresponding recommends dismissal as to them, too.

19  **V.    CONCLUSION AND RECOMMENDATIONS**

20       The statute of limitations for Plaintiff's claims expired on July 7, 2016. Plaintiff filed this

21  action on September 10, 2019, which is over three years after the statute of limitations expired.

22  Therefore, the Court will recommend that Defendant's motion to dismiss be granted. Because the

23  same rationale applies to the unserved Doe Defendants, the Court also recommends dismissing

24  ───────────────

25       [5] Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of court records. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (same).

26

27       Therefore, the Court grants Defendant's request for judicial notice of the judgment from the Superior Court of California, County of Los Angeles, filed by Defendant. *See King v. Contra Costa Cty.*, No. C 20-00462 SBA, 2020 WL 978632, at *3 (N.D. Cal. Feb. 28, 2020) (taking judicial notice of judgments against plaintiff that were filed by defendant in connection with motion to dismiss section 1983 action).

28

1  the complaint as to them.

2          Additionally, the Court recommends dismissal with prejudice.  Plaintiff was given seven

3  months to respond to the motion to dismiss and failed to provide any substantive opposition or

4  indication that amendment would cure the deficiency identified in the motion to dismiss.  The

5  Court recommends finding that leave to amend would be futile.

6          Accordingly, IT IS HEREBY RECOMMENDED that:

7          1.  Defendant's motion for summary judgment (ECF No. 18) be GRANTED;

8          2.  Plaintiff's complaint be dismissed against all defendants, with prejudice, as time-

9              barred by the statute of limitations; and

10         3.  The Clerk of Court be directed to close this case.

11         These findings and recommendations are submitted to the United States district judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court.  Such a document should be captioned "Objections to Magistrate

15  Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

16  within seven (7) days after service of the objections.  The parties are advised that failure to file

17  objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v.*

18  *Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394

19  (9th Cir. 1991)).

20

21  IT IS SO ORDERED.

22      Dated:   **November 10, 2020**              /s/ Erica P. Grosjean

23                                            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28