UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. HULSE,<br><br>　　　　　Defendant. | No. 1:19-cv-01333-NONE-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>(ECF No. 46) |

Jorge Luis Sosa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. §1983. The Court determined that this case would benefit from a settlement conference. Accordingly, this case was referred to Magistrate Judge Carolyn K. Delaney to conduct a settlement conference on May 28, 2021 at 1:00 p.m. (ECF No. 40). The parties submitted their confidential settlement statements. (ECF Nos. 43, 45). However, due to the unavailability of Plaintiff, the settlement conference was vacated to be rescheduled at a later date. (ECF No. 46).

The settlement conference is now ready to be reset, with the Court issuing the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Carolyn K.

1

Delaney on August 2, 2021, at 9:30 a.m.  The settlement conference will be conducted by remote means, to be determined at a later date and time.

2. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle[1].

3. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Salinas Valley State Prison, via facsimile at (831) 678-5544 or via email.

IT IS SO ORDERED.

Dated: **June 2, 2021**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).