UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>  Plaintiff,<br><br>  v.<br><br>R. HULSE,<br><br>  Defendant. | Case No. 1:19-cv-0333-JLT-EPG (PC)<br><br>ORDER TAKING OBJECTIONS UNDER ADVISEMENT, DIRECTING PLAINTIFF TO FILE STATEMENT REGARDING SCHEDULE AND DISCOVERY<br><br>THIRTY-DAY DEADLINE<br><br>(ECF Nos. 66, 69, 70)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF ORDER REQUIRING STATEMENTS FROM PARTIES REGARDING SCHEDULE AND DISCOVERY (ECF NO. 48) |

On June 3, 2021, the Court entered an order requiring the parties to provide statements regarding the schedule and discovery within 30 days from service of the order. (ECF No. 48). The Court twice extended this deadline to allow the parties to focus their efforts on settling the case. (ECF Nos. 50, 59). In the Court's August 23, 2021 order extending the deadline for the parties to file statements, the Court ordered the parties to "file their scheduling and discovery statements no later than October 15, 2021." (ECF No. 59). On October 15, 2021, Defendant filed his statement. (ECF No. 63). After Plaintiff failed to timely file any statement, this Court *sua sponte* extended the deadline for Plaintiff to do so on October 25, 2021, giving Plaintiff an additional 21-days from the date of service of the order. (ECF No. 64).

1

1    After Plaintiff again failed to file his statement, this Court issued findings and

2    recommendations on December 3, 2021, recommending that this case be dismissed without

3    prejudice because of Plaintiff's failure to comply with court orders and to prosecute this case.

4    (ECF No. 66). On December 22, 2021, Plaintiff filed objections to the findings and

5    recommendations. (ECF No. 69).

6    Referring to the October 28, 2021 order of clarification, Plaintiff states that he "was of the

7    belief that all matters – including the Order for Scheduling and Discovery – were STAYED."

8    (ECF No. 69). Additionally, Plaintiff states that he speaks very little English and his legal

9    advocate has been on vacation and other "inmate 'translators'" gave him incorrect information.

10   (*Id.* at 1, 8). Plaintiff has also attached the declaration of his legal advocate, Mark Edwin

11   Sunnergren, which states that he mistakenly believed that litigation in this case had been stayed

12   by the order of clarification, but that, in the future, Plaintiff will promptly comply with all court

13   orders. (*Id.* at 10).

14   On December 28, 2021, Defendant filed a response to Plaintiff's objections. (ECF No.

15   70). Defendant argues that Plaintiff's statement was overdue even before the order of clarification

16   was filed, and thus that cannot explain the cause of the entire delay in Plaintiff's failure to file his

17   statement. Additionally, Defendant states that the order of clarification is sufficiently clear in

18   noting that matters handled by the magistrate judgment may proceed.[1] Lastly, Defendant notes

19   that Plaintiff still has yet to file his statement.

20   On January 7, 2022, Judge Jennifer L. Thurston was assigned as the District Judge to this

21   action, obviating the NONE designation. (ECF No. 71). Accordingly, the order of clarification no

22   longer in any way stays the assigned District Judge's participation in this case.

23   Upon consideration of the parties' arguments and the fact that this case now has an

24   assigned District Judge, IT IS ORDERED as follows:

25   1.  Plaintiff's objections to the Court's December 3, 2021 findings and recommendations

26

27   [1] The Court notes that the order of clarification allows "magistrate judges assigned to Unassigned/NONE civil cases [to], in their discretion, elect to stay discovery and other proceedings in these cases entirely or may allow proceedings that do not require the attention of a district judge to continue to move forward." (ECF No. 65, p. 2).

28

(ECF No. 66) to dismiss this case are taken under advisement;

2.  Plaintiff has until February 10, 2022, to file his scheduling and discovery statement;

3.  If Plaintiff timely files his scheduling and discovery statement, the Court will vacate its December 3, 2021 findings and recommendations;

4.  However, if Plaintiff fails to timely file his statement, he is warned that the December 3, 2021 findings and recommendations will stand and this action may be dismissed; and

5.  The Clerk of Court is directed to send Plaintiff a copy of the order requiring statements from parties regarding schedule and discovery (ECF No. 48).

IT IS SO ORDERED.

Dated:   **January 10, 2022**        /s/ _Erica P. Grosjean_
                                     UNITED STATES MAGISTRATE JUDGE