UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>              Plaintiff,<br><br>      v.<br><br>R. HULSE,<br><br>              Defendant(s). | Case No. 1:19-cv-01333-JLT-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>(ECF No. 66) |

Jorge Luis Sosa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 3, 2021, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 48). However, the Court later granted extensions of time to file these statements, ultimately requiring the statements to be filed by October 15, 2021. (ECF No. 50, 59).

After Plaintiff failed to file his statement, the Court *sua sponte* granted an extension, and after this extended period passed, the Court issued findings and recommendations on December 3, 2021, to dismiss this action without prejudice. (ECF Nos. 64, 66). After Plaintiff filed objections explaining that his failure to file the statement was due to his confusion about the October 28, 2021 order of clarification and his legal advocate being on vacation, the Court extended the deadline to February 10, 2022 for Plaintiff to file his statement, noting that the Court would vacate its findings and recommendations if the statement were filed by then. (ECF No. 72). On February 10, 2022, Plaintiff filed his statement; accordingly, the Court will vacate

its December 3, 2021 findings and recommendations and will require the parties to exchange documents. (ECF No. 66).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain documents that are central to the dispute be promptly produced.[2]

Accordingly, IT IS ORDERED as follows:

1. The Court vacates its December 3, 2021 findings and recommendations (ECF No. 66);
2. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[3]
   a. Documents regarding grievances, including 602s, Form 22s, and responses from the appeals office.
   b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[4]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[3] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[4] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The Court notes that Defendants only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s)

   c.  Incident reports regarding the use of force incident(s) alleged in the complaint.

   d.  All of Plaintiff's medical records related to the incident and/or condition at issue in the case.

   e.  Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).[5]

3. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

4. Parties do not need to produce documents or evidence that they have already produced.

5. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

6. Parties may object to producing any of the above-listed documents and/or evidence.  Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence).  The objection should include the basis for not providing the documents and/or evidence.  If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.

\\\
\\\
\\\
\\\

---

alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

 [5] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

7. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **February 14, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE