UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SOSA,<br><br>            Plaintiff,<br><br>     v.<br><br>R. HULSE, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01333-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DOES 1-3 BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF No. 82)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.    BACKGROUND**

Jorge Luis Sosa ("Plaintiff) is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's claims against Defendant Hulse and Does 1-3 for violation of the Eighth Amendment for excessive force and sexual assault, as well as retaliation in violation of the First Amendment.  (ECF No. 20).

Does 1-3 have not been served.  On August 31, 2022, the Court gave Plaintiff until October 14, 2022, to identify Does 1-3 and file a motion to substitute named individuals in place of Does 1-3.  (ECF No. 82).  While the Court directed the parties to participate in a settlement conference on September 30, 2022, the Court specifically stated that it was not modifying any deadlines.  (ECF No. 84).  Moreover, the settlement conference occurred on

December 7, 2022 (ECF No. 93), the case did not settle (id.), and Plaintiff still has not identified Does 1-3 or filed a motion to substitute named individuals in place of Does 1-3.

As Plaintiff has failed to identify Does 1-3, the Court will recommend that Does 1-3 be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on Does 1-3 within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

\\\

### III. ANALYSIS

Plaintiff was provided with a deadline to identify Does 1-3 and file a motion to substitute named individuals in place of Does 1-3.  (ECF No. 82, p. 2).  The Court also informed Plaintiff that he "may request documents from Defendant Hulse in order to identify the Doe Defendants and may also request a subpoena duces tecum if this information is not available from Defendant Hulse."  (Id.).  Plaintiff was warned that if he failed to identify Does 1-3, they may be dismissed from this case.  (Id.).  However, Plaintiff's deadline has passed and Plaintiff has not identified Does 1-3 or filed a motion to substitute named individuals in place of Does 1-3.

As Plaintiff has failed to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on Does 1-3 within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that Does 1-3 be dismissed from the action, without prejudice.[1]

### IV. RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Does 1-3 be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on Does 1-3 within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights

---

[1] The Court notes that this case continues to proceed against Defendant Hulse.

on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 24, 2023__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE